#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| **STEVEN C. LEFEMINE, d/b/a** ) | |
| **COLUMBIA CHRISTIANS FOR LIFE,** ) | |
| ) | |
| *Plaintiff,* ) | CIVIL ACTION FILE |
| ) | NO. 8:08-cv-3638 |
| v. ) | |
| ) | The Honorable |
| **DAN WIDEMAN, individually and in his official** ) | Henry M. Herlong, Jr., |
| **capacity; MIKE FREDERICK, individually and** ) | Senior Judge |
| **in his official capacity; LONNIE SMITH,** ) | |
| **individually and in his official capacity;** ) | |
| **BRANDON STRICKLAND, individually and in** ) | |
| **his official capacity; and TONY DAVIS, Sheriff,** ) | |
| **in his official capacity,** ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

### PLAINTIFF STEVEN C. LEFEMINE'S MEMORANDUM
### ON THE ISSUE OF ATTORNEY'S FEES

Douglas A. Churdar
Dist. of SC Fed. Bar No. 5220
712 East Washington Street
Greenville, South Carolina 29601
(864) 233-0203
Fax: (864) 233-3020
Email: dachurdarlaw.com
*Counsel for Plaintiff*

Douglas E. Myers, *Pro hac vice*
Pa. Bar No. 200094
The National Legal Foundation
2224 Virginia Beach Blvd., Ste. 204
Virginia Beach, Virginia 23454
(757) 463-6133
*Counsel for Plaintifff*

**STATEMENT OF THE CASE**

Pursuant to this Court's Order of February 20, 2013 (Docket No. 89), Plaintiff, Steven C. Lefemine, files the instant Brief[1] on the issue of attorney's fees. On November 5, 2012, the United States Supreme Court determined that Mr. Lefemine was a prevailing party in the instant litigation for purposes of an award of attorney's fees under 42 U.S.C. § 1988. *Lefemine v. Wideman*, 133 S.Ct. 9, 10 (2012). The Court noted, however, that neither the Fourth Circuit nor this Court had ever addressed whether "special circumstances would render such an award unjust." *Id.* at 11 (internal quotation marks and citation omitted). The Supreme Court therefore vacated the Fourth Circuit's judgment (in which judgment that court had held Mr. Lefemine was not a prevailing party) and remanded for further proceedings. *Id*. at 12. The Fourth Circuit, in turn remanded the case to this Court with instructions "to award attorney's fees unless it determines by express findings that 'special circumstances would render such an award unjust,' per the Supreme Court's holding . . . ." *Lefemine v. Wideman*, No. 10-1905 (4th Cir. Feb. 7, 2013) (order remanding case).

**ARGUMENT**

In short, there are no special circumstances which would render an award of attorneys fees unjust.

This is so for five reasons. This Brief will examine each reason in turn. However, before turning to these reasons, Mr. Lefemine points out a critical matter to which this Brief will return at the end: it is the Defendants (hereinafter "the Deputies") who bear the burden of establishing

---

[1] No Federal Rule of Civil Procedure and no local rule appear to govern the contents of this Brief. Mr. Lefemine limits his Statement of the Case to those matters pertinent to this Court's Order of February 20, 2013. In addition to the Statement of the Case, Mr. Lefemine submits only Argument and Conclusion sections, omitting other sections that would be required for a memorandum in support of a motion.

1

special circumstances. *Martin v. Heckler*, 773 F.2d 1145, 1150 (11th Cir. 1985). Furthermore, in meeting this burden, not just any showing will suffice—it must be a *strong* showing. *Id*.

This Brief turns now to the five reasons why there are no special circumstances which would render an award of attorneys fees unjust. First, the Deputies have previously had an opportunity to address the question of special circumstances. In their Brief to the Fourth Circuit, the only special circumstances the Deputies put forth was that the Deputies were entitled to qualified immunity. The Deputies described this Court's "analysis of special circumstances" as follows:

> While the district court did find a constitutional deprivation, the court also concluded that "under the specific facts of this case, it was not unreasonable for Defendant to believe that [the sign's] prohibition was lawful." The court further concluded that "[w]hen faced with fulfilling its obligation to protect citizens on the roadways without infringing upon the free speech rights of Plaintiff, Defendants' decision to prohibit graphic signs, while ultimately failing to survive scrutiny, was not unreasonable under the circumstances." These rulings cannot be disregarded in evaluating the discretionary ruling not to award attorney's fees. The court's determination that the Appellees' conduct was objectively reasonable provides a legitimate basis for concluding that an award of attorney's fees under the circumstances presented would be unjust.
>     Clearly, the district court's decision demonstrates that the court did exercise discretion in denying an attorney's fees award. The court's detailed discussion of the facts and its ultimate conclusion that the Appellees' acted in an objectively reasonable manner under existing law provides a sufficient basis for denying any claim for attorney's fees.

(Defs.' Resp./Opening Br. at 4th Cir. 12 (citations to Joint Appendix omitted).)

Although the Deputies claimed these were the special circumstances that this Court found, these are not special circumstances—they are actually reasons for granting qualified immunity. Furthermore, this issue was hashed out extensively at oral argument before the Fourth Circuit. Mr. Lefemine, through his Counsel, noted that the Deputies had claimed qualified immunity constituted special circumstances. http://internet.ca4.uscourts.gov/OAarchive/mp3/10-1905-20111108.mp3 (advance to the 11:45 mark in the argument and continue to the 12:08

2

mark). Significantly, the Deputies, through their Counsel, both pro-actively and in response to questioning, repeatedly stated that the two issues were "interrelated" and that, in fact, qualified immunity constituted special circumstances. *Id.* (pertinent segments of the argument can be found at 16:13-16:28; 16:42-17:37; 21:25-22:24; 33:04-33:36).[2]

However, as Mr. Lefemine argued orally before the Fourth Circuit and in his Petition for Certiorari before the Supreme Court, qualified immunity is not a special circumstance precluding an award of attorney's fees; it is a special (or perhaps not-so-special) circumstance in which attorney's fees are especially appropriate, *id*. (segment from 37:13-33:36); Petition for Writ of Certiorari at 9, *Lefemine v. Wideman*, 133 S.Ct. 9 (2012) (No. 12-168). In both these contexts, Mr. Lefemine quoted the Supreme Court's opinion in *Pulliam v. Allen*, 466 U.S. 522, 527 (1984) (quoting H.R. Rep. No. 94–1558, p. 9 (1976) ( internal quotation marks omitted):

> in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy. Consequently awarding counsel fees to prevailing plaintiffs in such litigation is particularly important and necessary if Federal civil and constitutional rights are to be adequately protected. To be sure, in a large number of cases brought under the provisions covered by [§ 1988], only injunctive relief is sought, and prevailing plaintiffs should ordinarily recover their counsel fees.[3]

The use of the *Pulliam* quotation in Mr. Lefemine's Petition for Writ of Certiorari serves as a segue to the second reason that no special circumstances exist in this case. The Supreme Court was well aware of this Court's qualified immunity holding in this case. *See Lefemine*, 133 S.Ct. at 11 (discussing qualified immunity holding). If qualified immunity were a special circumstance, the Supreme Court could not have treated special circumstances as an open question.

---

[2] To be precise, in addition to referencing qualified immunity and facts, finding, conclusion, and holdings that implicate qualified immunity; the Deputies sometimes mentioned the totality of the facts and similar expressions. However, the only matters that they ever explicated were those relating to qualified immunity.

[3] Mr. Lefemine's quotation at oral argument deleted several words at the beginning and one sentence at the end.

3

The above two reasons rebut the Deputies qualified-immunity-as-special-circumstances argument. However, there are other reasons why there are *no* special circumstances present.

The third reason can be discerned by again looking to the parties' prior briefing. When Mr. Lefemine briefed this issue at the Fourth Circuit, he canvassed some of the situations that courts did and did not consider to be special circumstances. (Pl.'s Opening Br. 14.) Such circumstances may arise when the prevailing party's request for fees is so outrageous that it shocks the conscience of the court, *Fair Housing Council v. Landow*, 999 F.2d 92, 97-98 (4th Cir. 1993), or when the request is not timely made so as to unfairly surprise or prejudice the affected party. *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 454 (1982). But a defendant's good faith, *Love v. Mayor, City of Cheyenne*, 620 F.2d 235 (10th Cir. 1980), the existence of a simple or routine case, *Staten v. Housing Auth.*, 638 F.2d 599 (3d Cir. 1980), or prompt remedial action on the part of the defendants, *Martin v. Heckler*, 773 F.2d 1145 (11th Cir. 1985) (*en banc*), are *not* special circumstances mitigating against awarding the prevailing party attorney's fees. Here, Mr. Lefemine points out that he has had no opportunity to even apply for attorney's fees, so there is no amount that can shock the Court's conscience nor can the Deputies surely be surprised by the request which has not yet come, but which has been an element of this litigation from the very beginning.

This last point implicates two correlative points. First, and relating to Mr. Lefemine's lack of opportunity to apply for attorney's fees, the Deputies have previously argued that Mr. Lefemine should have filed a motion for reconsideration, objected to this Court's *sua sponte* ruling on attorney's fees,[4] or already filed a motion for attorneys' fees. (Defs.' Resp./Opening Br. at 4th Cir. at 12-13 & n.2). These arguments are without merit. If any of these arguments

---

[4] Mr. Lefemine cannot understand this argument—this Court ruled in direct response to Mr. Lefemine's request that attorney's fees be awarded as part and parcel of the relief.

4

constituted special circumstances or otherwise provided a basis for dispensing with the attorney's fees issue, the Fourth Circuit would not have remanded the issue to this Court, since that Court's Internal Operating Procedures provide for multiple possibilities when a case is remanded to it from the Supreme Court:

> If a case is remanded to the Court of Appeals from the Supreme Court, the case shall be reopened under the original docket number and the Court of Appeals may require additional briefs and oral argument, summarily dispose of the case, or take any other action consistent with the Supreme Court's opinion.

Fourth Cir. I.O.P. 41.2. The Fourth Circuit did not summarily dispose of this case; rather it took other action—remanding the case to this Court. Thus, Mr. Lefemine's "failure" to file a motion for reconsideration, "failure" to object to this Court's *sua sponte* ruling, or "failure" to have already filed a motion for attorneys' fees; cannot be "special circumstances—else the remand was unnecessary.

Secondly and related to various possible arguments about what constitute special circumstances, when Mr. Lefemine pointed out these examples mentioned above of situations which have and have not been held to constitute special circumstances, the Deputies felt no need to even respond to them. Rather, as noted above, the only argument they made in response was that qualified immunity constituted special circumstances. (*See* Defs.' Response/Opening Br. at 4th Cir. 12.)

A fourth reason why no special circumstances exist that would render an award of attorney's fees unjust is because the special circumstances doctrine is a "judicially created" exception and should be narrowly construed. *Hatfield v. Hayes*, 877 F.2d 717, 720 (8th Cir. 1989). Or as the Fourth Circuit has put it, the "special circumstances exception is very narrowly limited and . . . [o]nly on rare occasions does a case present such circumstances." *National Home Equity Mortgage Ass'n. v. Face*, 283 F.3d 220, 226 (4th Cir. 2002) (quoting *Doe v. Board*

5

*of Educ. of Baltimore County,* 165 F.3d 260, 264 (4th Cir.1998)) (internal quotation marks and citation omitted).[5] While it is impossible to prove a negative, multiple searches of the Westlaw data base failed to produce a single controlling or persuasive precedent with any relevant fact pattern in which special circumstances were found.

In fact, most of the cases discovered in which the award of a fee has been found unjust (beyond those discussed above in which the amount or timing of the request are problematic), involve *pro se* litigants or parent-attorneys. *See*, *e.g.*, *Doe*, 165 F.3d at 261-62. Courts view fee awards to such prevailing plaintiffs to be unjust because Congress did not intend fee-shifting statutes to cover them. *Id.* This reason cannot not apply to Mr. Lefemine because the Supreme Court has already declared him to be a prevailing party for § 1988 purposes.

A fifth reason why no special circumstances exist that would render an award of attorney's fees unjust is because of the relationship between the analyses of *entitlement* to fees and of the *amount* of fees. Normally, a fee award is based on the so-called lodestar method. However, circumstances can exist in which the only the reasonable fee is no fee. This was the case in *Farrar v. Hobby*, 506 U.S. 103 (1992). There, the plaintiff was awarded only nominal damages against one defendant, although he had sought $17 million against six defendants. *Id.* at 106-07. The Supreme Court held that Farrar was a prevailing party, but based on his *de minimis*, or technical victory, no attorney's fee award would be the reasonable result.

Justice O'Connor filed a concurrence in which she addressed the relationship between the concepts of a prevailing party, a *de minimis victory*, reasonableness, and unjust awards:

> the Court properly holds that, when a plaintiff's victory is purely technical or *de minimis,* a district court need not go through the usual complexities involved in calculating attorney's fees. . . . . As a matter of common sense and sound

---

[5] *National Home Equity* was vacated by *Face v. National Home Equity Mortg. Ass'n*, 537 U.S. 802 (2002) (mem.), and affirmed on remand by *National Home Equity Mortg. Ass'n v. Face*, 322 F.3d 802 (2003).

6

>judicial administration, it would be wasteful indeed to require that courts laboriously and mechanically go through those steps when the *de minimis* nature of the victory makes the proper fee immediately obvious. . . . .
>
>     . . . . It goes without saying that, if the *de minimis* exclusion were to prevent the plaintiff from obtaining prevailing party status, fees would have to be denied. And if the *de minimis* victory exclusion is in fact part of the reasonableness inquiry, summary denial of fees is still appropriate. We have explained that even the prevailing plaintiff may be denied fees if "'special circumstances would render [the] award unjust.'" While that exception to fee awards has often been articulated separately from the reasonableness inquiry, sometimes it is bound up with reasonableness: It serves as a short-hand way of saying that, even before calculating a lodestar or wading through all the reasonableness factors, it is clear that the reasonable fee is no fee at all. After all, where *the only* reasonable fee is no fee, an award of fees would be unjust; conversely, where a fee award would be unjust, the reasonable fee is no fee at all.

*Id*. at 117-18 (O'Connor, J., concurring).

Justice O'Connor then identified three factors to be considered in determining whether fees should be awarded: "the extent of relief, the significance of the legal issue on which the plaintiff prevailed, and the public purpose served" by the litigation, *id*. at 122 (O'Connor, J., concurring). The Fourth Circuit adopted these factors in *Mercer v. Duke University*, 401 F.3d 199, 204 (4th Cir. 2005).

*Mercer*, like *Farrar*, involved a plaintiff who obtained "only" nominal damages. However, and relevant to the instant case, the Fourth Circuit explicitly noted that "if a case sought injunctive relief, the relevant comparison, of course, would be the scope of the injunctive relief sought to the relief actually granted." *Id*. at 205. Here, where Mr. Lefemine sought nominal damages and injunctive and declaratory relief, the so-called *Mercer-Farrar* factors apply. Each factor individually (and thus all factors cumulatively) clearly demonstrate that no special circumstances exist that would render an attorney's fee award unfair or unreasonable.

As to the first factor (the extent of relief), in the instant case, Mr. Lefemine initially sought "compensatory and/or nominal damages at trial" (Comp., Prayer for Relief, ¶ D), but only

7

nominal damages on summary judgment (Mot. Summ J 20 & n.6),[6] and declaratory and injunctive relief against five defendants.  He obtained injunctive and declaratory relief against all five defendants on all three of his claims—free exercise, free speech, and free assembly. *Lefemine v. Davis*, 732 F.Supp.2d 614, 624-25, 627 (D.S.C. 2010).  Significantly, the Fourth Circuit clarified that this Court's opinion must be construed as having awarded declaratory relief and rejected the following arguments in their entirety:

> Defendants' sole issue on cross-appeal is that the district court erred in granting injunctive relief against Chief Deputy Frederick, who is no longer employed by the Greenwood County Sheriff's Office.  In addition, according to Defendants, the award of injunctive relief against each of them in their individual capacities "should be considered dismissed as a duplicative claim," and injunctive relief against them in their official capacities "should be deemed dismissed under the law of the case."

*Lefemine v. Wideman*, 672 F.3d 292, 302, 303 (4th Cir. 2012) (citations to the Deputies' Brief omitted).

It is also worth noting that the Supreme Court took note of the behavior of the Deputies.  In his Writ for a Petition of Certiorari at 3, for Mr. Lefemine alerted the Supreme Court (as he had this Court and the Fourth Circuit) to the difference in behavior of the Deputies vis-a-vis the behavior of Greenwood City Sherriff's Office: the former threatened sanctions, while the latter stated that Mr. Lefemine would be welcome to return.  As just noted, the Supreme Court was careful to include a description on the Deputies' behavior in its opinion.  133 S.Ct. at 10.

Injunctive and declaratory relief against five Deputies whose behavior stood in stark contrast to that of other law enforcement officials and whose behavior is also explicated taken into account by the United States Supreme Court is significant relief ,and an award of attorney's fees cannot be considered either unreasonable or unjust.

---

[6] The Supreme Court characterized the requested damages relief as a request of "nominal damages."  133 S.Ct. at 10.

As for the second factor (the significance of the legal issue on which the plaintiff prevailed), the Fourth Circuit has already held, albeit in a non-precedential opinion, that the vindication of free speech rights satisfies *Mercer's* second factor. *Project Vote/Voting for America, Inc. v. Dickerson*, 444 Fed. Appx. 660, 664 (4th Cir. 2011). How much more so the vindication of free speech rights *along side* the vindication of both free exercise and free assembly rights?

As for the third factor (the public purpose served by the litigation) both *Project Vote* and *Mercer* itself provide guidance.  As the Fourth Circuit opined in *Project Vote,* so here, "this litigation served a clear public purpose. Unlike the plaintiff in *Farrar,* Plaintiff[ ] never sought any extravagant or personal financial benefit.  Instead, Plaintiff[ ] wished only to vindicate our collective First Amendment rights."  It is clear that Mr. Lefemine never sought extravagant financial gain—nominal damages hardly constitute that.  And while it is true that Mr. Lefemine sought to vindicate his own First Amendment rights, he also sought to vindicate the rights of other members of Columbia Christians for Life.  Beyond that, Mr. Lefemine's case vindicates the rights of all protestors.  This would be so whether he had ever raised the issue or not.  But, in reality, this has been a consistent theme in Mr. Lefemine's argument throughout this case.  *See*, *e.g.*, Pl.'s Mot. for Summ. J. at 8, 11, 12 (repeatedly invoking the heckler's veto doctrine); Pl.'s Resp. to Sheriff's Mot. for Summ. J. at 16, 20-21, 22 (same); (Pl.'s  Resp. to Frederick Mot. For Summary J. at 5, 20, 25 (same); Pl.'s Opening Brief at 4th Cir. at 24-32 (explaining how a heckler's veto threatens the rights of a wide variety of speakers); Pl.'s Reply & Resp. Br. at 4th Cir. at 12-16 (summarizing prior arguments); Oral argument at the 4th Cir., http://internet.ca4. uscourts.gov/OAarchive/mp3/10-1905-20111108.mp3 (segment from 38:45- 41:12) (explaining the relationship between vindicating one's own right and vindicating the public's rights as a

9

private attorney general and relating both to the prevailing party doctrine and entitlement to attorney's fees); Petition for Writ of Certiorari at 7-11, *Lefemine v. Wideman*, 133 S.Ct. 9 (2012) (No. 12-168) (explaining that the Fourth Circuit's judgment threatened the right of numerous civil right litigants); Reply Br. for Pet. At 1-6, *Lefemine v. Wideman*, 133 S.Ct. 9 (2012) (No. 12-168) (explaining how this case implicates the rights of untold number of protesters and those intended to be protected by 150 federal statutes).

But as noted, *Mercer* is also relevant here. First, in *Mercer*, Duke University argued that "Mercer did not seek declaratory or injunctive relief that would have extended beyond her own case." *Mercer*, 401 F.3d at 208. Similarly here, Mr. Lefemine's request for injunctive relief technically only applied to himself. (See Mot. Summ. J. at 20.) However, in *Mercer* itself, the Fourth Circuit answered this line of reasoning:

> That fact, however, while relevant, cannot be dispositive of the question of whether the legal issue in Mercer's case was a significant one or whether the case served an important public purpose. In our legal system, with its reliance on *stare decisis* and respect for precedent, a case involving the claim of a single individual, without any request for wide-ranging declaratory or injunctive relief, can have a profound influence on the development of the law and on society.

*Mercer*, 401 F.3d at 208.

Another aspect of the *Mercer* case points in the same direction. As the Fourth Circuit noted, "Duke, however, insists that Mercer's case is not particularly important, because it is unlikely that many other women will want to play football." *Id.* However, the Fourth Circuit rejected this argument. *Id.* How much easier would it be for the Fourth Circuit—and how much easier is it for this Court—to reject the same argument where other graphic sign cases not only *might* come before the Fourth Circuit, but where they *already have*. *See*, *Swagler v. Neighoff*,

10

398 Fed.Appx. 872 (4th Cir 2010); *Rock for Life-UMBC v. Hrabowski*, 411 Fed. Appx. 541 (4th 2010).[7]

Thus, the third factor also indicates that an award of attorney's fees is neither unreasonable nor unjust. And, of course, all three factors point in the same direction, namely that here is yet another reason why no special circumstances exist that would render an award of attorney's fees unjust, thereby providing a fifth reason no special circumstances exist that would render an award of attorney's fees unjust.

In sum, *each* of the above *five* reasons demonstrate that no special circumstances exist that would render an award of attorney's fees unjust. But for the fact that such analyzes must be undertaken on a case-by-case basis, it is hard to understand how any doubt could exist on the question.

Perhaps the state of affairs is best summarized by this statement of black letter law:

> The district courts have a measure of discretion in applying the special circumstances exception to the usual award of fees under 42 U.S.C.A. § 1988 to the prevailing party. However, although the special circumstances determination is reviewed under the abuse of discretion standard, such decisions *are* reviewable and appellate courts have had no trouble reversing a denial of fees on the ground that the perceived special circumstances did not in fact exist. The defendants bear the burden of proving the existence of special circumstances and must make a strong showing to justify denial of fees to prevailing plaintiffs.

6 Fed. Proc., L. Ed. § 11:189 (footnotes omitted; emphasis added).

This, of course, is the point that Mr. Lefemine made at the beginning. Yet, the only "showing" that the Deputies have ever attempted to make is that qualified immunity constitutes special circumstances. However, this is not only not a strong showing; it is an erroneous showing.

---

[7] The fact that these two cases are non-precedential does not impact the proposition for which they are cited.

11

## CONCLUSION

For the foregoing reasons, this Court should conclude that no special circumstances exist that would render an attorney's fee award unjust, and it should issue its Final Judgment with instructions allowing Mr. Lefemine to file a Motion for Costs and Attorney's Fees pursuant to the applicable statues and rules.

Respectfully submitted,
this 12th day of March, 2013

s/ Dougals A. Churdar
Douglas A. Churdar
    *Counsel for Plaintiff*
Dist. of SC Fed. Bar No. 5220
712 East Washington Street
Greenville, South Carolina 29601
(864) 233-0203
Fax: (864) 233-3020
Email: dachurdarlaw.com

12